Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 7073 | DATE | July 18, 2002 |
| CASE TITLE | Thomas Hale v Linda Renee-Baker, Secretary | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/15/02, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]

(10) ■ Memorandum opinion and order entered. Accordingly, the court grants defendants' motion to dismiss all claims against Paoni, Jankowski and Usherwood, without prejudice, and defendants'motionto dismiss counts II and III of the second amended complaint. Defendants' motion to dismiss count I against the remaining defendant is granted in part and denied in part. Defendant Renee-Baker's answer to count 1 is due by 8/8/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUL 19 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GDS | courtroom deputy's initials | 02 JUL 18 PM 4:09 Date/time received in central Clerk's Office | | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS E. HALE, )
)
Plaintiff, )
)
) No. 01 C 7073
v. )
) Judge Robert W. Gettleman
)
LINDA RENEE-BAKER, Secretary of the )
Department of Human Services, in her official )
capacity, PAM PAONI, Manager of the Loss )
Control Section of the Department of Human )
Services, in her official capacity, MIKE )
JANKOWSKI, Dietary Manager for the Department )
of Human Services, in his official capacity, )
MICHAEL S. SCHWARTZ, Director of the )
Department of Central Management Services, in his )
official capacity, and LORI E. USHERWOOD, in )
her official capacity, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas E. Hale originally filed a one-count complaint against Jim Ryan, Attorney General of the State of Illinois, for employment discrimination, alleging that defendant failed to make a reasonable accommodation in March 1999, after plaintiff sustained job-related permanent injuries. In an order denying defendant Ryan's motion to dismiss the original complaint, the court noted that as an employee of the Illinois Department of Human Services ("IDHS"), the Director of IDHS may also be a proper party, and appointed plaintiff council pursuant to Local Rule 83.36.

Plaintiff subsequently filed a three count, second amended complaint, in which he named as defendants, Linda Renee-Baker ("Renee-Baker"), Secretary of the IDHS, Pam Paoni ("Paoni"), Manager of the Loss Control Section of the IDHS, Mike Jankowski ("Jankowski"),

Dietary Manager for the IDHS, Michael S. Schwartz ("Schwartz"), Director for the Department of Central Management Services ("CMS"), and Lori E. Usherwood ("Usherwood"), a CMS employee, alleging: 1) Renee-Baker and Jankowski failed to make reasonable accommodation for plaintiff's disability in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* ("ADA") (Count I); and, 2) by adopting and applying a policy of denying participation in CMS' Alternative Employment Program ("AEP") to plaintiff and others based on the fact that the applicant has a pending worker's compensation claim, Renee-Baker, Usherwood, Schwartz and Paoni violated plaintiff's Fourteenth Amendment Rights (Count II); and 3) equitable relief for such violation pursuant to 42 U.S.C. § 1983 (Count III).

Defendants filed a motion to dismiss portions of plaintiff's second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), asserting the following: 1) plaintiff's ADA claim alleged in Count I should be dismissed against Jankowski because such claim is redundant to the ADA claim alleged against Renee-Baker; 2) all claims brought pursuant to the ADA that arose before August 28, 1998, are barred by the 300 day statute of limitations period and should be dismissed with prejudice; 3) except for plaintiff's allegation relating to his denial into the AEP program, all other allegations under the ADA should be dismissed with prejudice as those allegations were not contained in plaintiff's EEOC charge of discrimination; 4) Counts II and III should be dismissed with prejudice because such claims are time barred by the two year statute of limitations applicable to § 1983 claims; and, 5) claims alleged in Counts II and III against defendants Paoni and Usherwood should be dismissed as redundant to the claims alleged in those counts against Renee-Baker and Schwartz. For the reasons set forth below, the court grants in part and denies in part defendants' partial motion to dismiss.

2

REDUNDANT CLAIMS

All claims against the individual defendants are asserted solely against defendants in their official capacity. Suits against an individual in their official capacity are actually suits against the governmental entity. Kentucky v. Graham, 473 U.S. 159, 165-167 (U.S. 1985). Thus, claims asserted against Jankowski, an IDHD manager, in Count I are redundant to the claims alleged against Renee-Baker, the Secretary of the IDHS, because both claims are actually stated against IDHS. The claims alleged in Counts II and III against Paoni and Usherwood, members of the IDHS and CMS departments, are likewise redundant to the claims alleged against Renee-Baker and Schwartz, the persons in charge of those governmental entities. Accordingly, because such claims are redundant and "nothing [is] added" by suing the additional departmental employees, the court grants defendants' motion to dismiss, without prejudice, all claims against Jankowski, Paoni and Usherwood. See, Jungels v. Pierce, 825 F.2d 1127, 1129 (7th Cir. 1987); Acevedo v. Robinson, 2000 WL 185797 at *3 (N.D. Ill. Feb. 10, 2000); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999) (district court should have dismissed claim against sheriff's department as redundant regardless of the merits of such claim where plaintiff also sued sheriff in his official capacity, because both claims were actually claims against the county).

Count I: ADA

Defendants move to dismiss all allegations of discrimination occurring before August 28, 1998, as time barred under Title VII's 300 day statute of limitations for filing a discrimination charge with the EEOC set forth in 42 U.S.C. § 2000e-5(e)(1). Defendants also move to dismiss all allegations regarding discriminatory conduct unrelated to defendants' denial of plaintiff's application to the AEP because that was the only issue raised in plaintiff's EEOC Charge of

3

Discrimination, dated June 23, 1999. "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in h[is] EEOC charge." Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir.1994). The Seventh Circuit has found that this is a condition precedent that serves the dual purpose of "affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employer some warning of the conduct about which the employee is aggrieved." *Id. (citations omitted)*.

Plaintiff argues that this court previously denied a motion to dismiss based on the 300 day statute of limitations based on the facts set forth in plaintiff's original complaint, and "because all relevant facts remain the same at this juncture, and because plaintiff's ADA claim is based on all the circumstances in place at the time his participation in the Alternative Employment Program was denied- -including defendant Jankowski's ongoing insistence that plaintiff not be allowed to return to work until his health was '100%'- -defendants' motion to dismiss 'allegations of discrimination occurring before August 28, 1998' on the basis of Title VII's 300-day Limitations Period must again be denied." Plaintiff further argues that defendants' motion "mischaracterizes" plaintiff's IDHR/EEOC charge (the "Charge").

The court disagrees with both of plaintiff's arguments. Unlike the second amended complaint, plaintiff's original pro se complaint did not set forth any facts indicating that as of February 18, 1998, plaintiff was not allowed to return to work until he was 100% healthy. In fact, the original complaint was based only on defendants' refusal "to grant light duty or alternative employment" and attached a copy of the Charge, which also was based on the denial of plaintiff's request to enter the AEP program. Thus, for purposes of considering defendants'

first motion to dismiss and the instant motion, the court must consider the scope of plaintiff's Charge.

In considering this issue, plaintiff need not allege "each and every fact that combines to form the basis of each claim in her complaint." Cheek, 31 F.3d at 501. The Cheek court adopted the following test for determining whether an EEOC charge encompasses the subsequent claims in a plaintiff's complaint: "all Title VII claims set forth in a complaint are cognizable that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Id.* (*citations omitted*). This test is "satisfied if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.*

Plaintiff's Charge states that the act of discrimination took place "in March 1999." The Charge further states that plaintiff was "denied a reasonable accommodation in March of 1999, due to [plaintiff's] disability/handicap, torn cartilages (both hands)." The Charge alleges as prima facie allegations that: 1) plaintiff is handicapped; 2) defendant was "aware of [his] condition, torn cartilage"; and, 3) in March 1999, plaintiff "requested and was denied a reasonable accommodation (i.e. alternative employment, light duty)" because plaintiff had filed a workmen's compensation claim against defendants.

In his second amended complaint, however, plaintiff alleges he is disabled based on back related injuries arising from an incident that occurred in April 1997, while plaintiff was working at IDHS' Metro Children and Adolescent facility, in addition to his torn cartilage injuries arising from work related injuries in November 1997 while plaintiff was working at IDHS' Howe

5

Developmental facility. Count I of the second amended complaint alleges that plaintiff was a "qualified individual with a disability" as defined by the ADA (42 U.S.C. § 12111(8)) by virtue of his back related injuries that began when he was working at the Metro Children and Adolescent facility as a support services worker, through the time period when in March 1999, while plaintiff was working at the Howe Developmental facility.

Because the Charge alleged a single act of discrimination – defendants' March 1999 denial of plaintiff's request for a reasonable accommodation in the form of participation in the AEP program – plaintiff's ADA claim is limited to that conduct. Any alleged act of discrimination that occurred at the times he was injured or placed on leave as a result of his injuries is not "reasonably related" to the conduct complained of in the Charge.

Plaintiff's administrative claim was filed within the prescribed period after this alleged act of discrimination. Defendants' motion to dismiss Count I is granted to the extent that count purports to include alleged acts of discrimination other than the denial of plaintiff's request to participate in the AEP program.

Counts II and III: § 1983

Defendants move to dismiss Counts II and III as time barred by the two year statute of limitations applicable to § 1983 claims brought in Illinois. *See, e.g.*, Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001). Plaintiff appears to argue that his claims are timely under the continuing violation doctrine. "The continuing violation theory allows a plaintiff to reach back to get relief for an act of discrimination that occurred outside the statute of limitations by linking it as one continuous act with a discriminatory act that took place within the limitations period." Place v. Abbott Laboratories, 215 F.3d 803, 807 (7th Cir. 2000). In Selan v. Kiley, 969 F.2d 560, 564 (7th

6

Cir. 1992), the Seventh Circuit recognized three viable continuing violation theories, including cases "in which the employer has an express, openly espoused policy that is alleged to be discriminatory." In such cases, the plaintiff's claims are timely based on the fact that the discrimination continues because the employer has failed to correct its discriminatory policy. *See*, Stewart v. CPC International, Inc., 679 F.2d 117, 121 (7th Cir. 1982); Jones v. Merchants Nat. Bank & Trust Co. of Indianapolis, 1992 WL 695028 at *5 (S.D.Ind. Nov. 17, 1992).

In the instant case, plaintiff alleges in his second amended complaint that "IDHS and CMS have adopted and implemented a policy and practice of discriminating against those applicants to the AEP program who have a pending worker's compensation claim." As discussed above, the only injury of which plaintiff may complain is defendants' denial of his request in March 1999 for a reasonable accommodation. This was a discrete act that injured plaintiff at the time it occurred, as plaintiff knew. Plaintiff has not been employed by defendants since that time and has therefore suffered no additional injury since then. Accordingly, plaintiff's claim accrued in March 1999, more than two years prior to his filing suit. Unlike the leading cases in this circuit allowing claims to proceed on a continuing violation theory (e.g., Palmer v. Board of Education, 46 F.3d 682 (7th Cir. 1995), Heard v. Sheehan, 253 F.3d 316 (7th Cir. 2001)), there is no "series of wrongful acts" (Palmer, 46 F.3d at 686), or even a single wrongful act alleged that occurred within the two year limitations period for § 1983 cases.

Plaintiff waited too long to assert a § 1983 claim. Defendants' motion to dismiss Counts II and III are granted.

## CONCLUSION

For the reasons set forth above, the court grants defendants' motion to dismiss all claims against Paoni, Jankowski and Usherwood, without prejudice, and defendants' motion to dismiss Counts II and III of the second amended complaint. The court denies defendants' motion to dismiss Counts I against the remaining defendant with respect to defendant's alleged denial of plaintiff's request for a reasonable accommodation in March 1999, and grants the motion with respect to allegations of other, earlier alleged acts of discrimination. Defendant Renee-Baker is directed to file an answer to Count I on or before August 8, 2002. This matter is set for a report on status August 15, 2002, at 9:00 a.m.

**ENTER:** **July 18, 2002**

Robert W. Gettleman
United States District Judge